STATE OF HAWAI'I Plaintiff-Appellee,
v.
STEVEN REINHART, Defendant-Appellant.
No. 27177
Intermediate Court of Appeals of Hawaii.
March 10, 2008.
On the briefs:
David B. Russell, Deputy Public Defender for Defendant-Appellant.
Artemio C. Baxa, Deputy Prosecuting Attorney for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, PRESIDING JUDGE, FOLEY, LEONARD, JJ.
Defendant-Appellant Steven Reinhart (Reinhart) appeals from the Judgment of Probation convicting and sentencing him for the offense of Abuse of Family and Household Members in violation of Hawaii Revised Statutes (HRS) 709-906(4) (2005) entered on February 10, 2005 by the Family Court of the Second Circuit (Family Court).[1] The incident arose on December 11, 2004, when two police officers were dispatched to Reinhart's residence in Wailuku, Maui, pursuant to a report that he was abusing his wife.
One of the police officers testified that when they arrived, it appeared that there had been physical abuse, but no injuries. The officer also testified that she was called to the residence "several times" in the past regarding acts of abuse by Reinhart on his wife. The second officer also testified that he did not observe any visible injuries, but the wife had told him that Reinhart had pulled her hair. There was testimony that Reinhart was upset, very loud, very boisterous, and smelled of alcohol when the officers spoke with him. The officers believed that Reinhart had pulled his wife's hair based on the wife's statement, both officers' observations of Reinhart, and the previous police visits to the residence because of reports of abuse by Reinhart. One of the officers testified that Reinhart appeared to be "the aggressive one." At one point, Reinhart NA tormed out of the residence and walked down the street" past the officer at the bottom of the stairs who was speaking with Reinhart's wife.
Both officers determined, based on their observations and the information they gathered, that a twenty-four hour warning citation should be issued to Reinhart. The citation was issued at 2105 hours, explained to Reinhart, and initialed by Reinhart. One of the officers explained that it was a twentyfour hour warning citation, but because it was a weekend it would not expire until Monday, December 13, 2004 at 4:30 p.m.[2] The officer instructed Reinhart, while showing him the form, that he was not to contact his wife at all, including by cell phone, or visiting her residence or workplace. The warning citation stated the prohibited "premises" were 239 Kawaipuna Place in Wailuku, Hawai`i.
On December 12, 2004, at about 10:30 p.m., the officers were dispatched to the Reinhart residence regarding a reported twenty-four hour violation. Upon arriving, the officers noticed Reinhart and his wife standing outside of a truck. According to the first officer, the truck was parked about a "residence before" the Reinhart residence at 239 Kawaipuna Place. The second officer clarified that the officers contacted Reinhart at 239 Kawaipuna Place, a large house with "two sides" (like a duplex), but on the opposite side of the building from the Reinharts' entrance. Reinhart was standing next to his truck, which was parked three or four feet from the building. Reinhart was in a small unpaved area on the side of the building, not in the street (which fronted the building).
An officer informed Reinhart that he had a warning citation and was not supposed to be at the residence or to contact his wife. Thereafter, the officer placed Reinhart under arrest and took Reinhart to the police station, where Reinhart was informed of his rights. Reinhart acknowledged that he understood his rights and elected to waive them and provide a statement.
Reinhart recounted that, at his wife's request, he picked her up from work at about 5:00 p.m. and from there "they returned to the residence." Reinhart told the officer that he thought the citation was for only a twenty-four hour period and that he did not know it lasted until December 13th.
A bench trial took place on February 10, 2005, and Plaintiff-Appellee State of Hawaii (State) presented the two officers as witnesses. At the close of the State's case, Reinhart moved for judgment of acquittal on two grounds. First, Reinhart argued that the State had failed to prove that a reasonable basis existed for issuance of the warning citation because the citation was issued "purely on [the wife's] claim that she was beaten or abused." Second, Reinhart argued consent as a defense because it was the wife and not Reinhart who had initiated contact, and therefore, there was "no need to prevent further physically [sic] abuse or harm to the family or household member." The Family Court denied Reinhart's motion, finding that the issuance of the warning citation was reasonably based on the reported hair-pulling, Reinhart's demeanor, and past reports of abuse.
The Family Court found that the State had presented evidence to establish beyond a reasonable doubt that Reinhart violated the warning citation by returning to the premises before the period of separation expired. The Family Court found that "[t]here was a specific warning within that [warning citation] that the return to the premises before the expiration of this warning citation shall result in arrest." The Family Court also found that the police had reasonable grounds to believe that abuse had occurred and probably would occur and, therefore, the warning citation had been properly issued. The Family Court sentenced Reinhart to serve forty-eight hours in jail, participate in a domestic violence intervention program, serve one year of probation, and pay a $50 Criminal Injuries Compensation fee and a $75 probation services fee.

POINTS ON APPEAL
On appeal, Reinhart argues that: (1) there was no substantial evidence to support his conviction because there were no reasonable grounds for the police officers to believe that there had been recent physical abuse or harm inflicted on Reinhart's wife when the warning citation was issued; and (2) there was no substantial evidence to support a finding that Reinhart had violated the warning citation under any of the three bases for violation listed in HRS 709-906(4)(e).

STANDARD OF REVIEW
When we review the legal sufficiency of the evidence adduced at trial, we must consider such evidence in the strongest light for the prosecution, whether the case was tried before a judge or jury. State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998) (citations omitted). The appellate court must determine whether substantial evidence existed to support the conclusion of the trier of fact, not whether guilt was established beyond a reasonable doubt. Id., 960 P.2d at 1241.
The evidence is substantial as to every element of the offense charged if it is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Id., 960 P.2d at 1241 (quoting State v. Eastman, 81 Hawai`i 131, 135, 913 P.2d 57, 61 (1996)). An appellate court will not review issues dependent upon the weight of the evidence and the credibility of the witnesses. Tachibana v. State, 79 Hawaii 226, 239, 900 P.2d 1293, 1306 (1995) (quoting Domingo v. State, 76 Hawaii 237, 242, 873 P.2d 775, 780 (1994)).

DISCUSSION
At the time Reinhart was charged, the applicable statute defining the offense of Abuse of Family or Household Members, HRS § 709-906(4)(b) & (e) (2005) (emphasis added), provided:
(4) Any police officer, with or without a warrant, may take the following course of ac;Liull where ti reasonable grounds to believe that there was physical abuse or harm inflicted by one person upon a family or household member, regardless of whether the physical abuse or harm occurred in the officer's presence:
. . . .
(b) Where the police officer has reasonable grounds to believe that there is probable danger of further physical abuse or harm being inflicted by one person upon a family or household member, the police officer lawfully may order the person to leave the premises for a period of separation of twenty-four hours, during which time the person shall not initiate any contact, either by telephone or in person, with the family or household member; provided that the person is allowed to enter the premises with police escort to collect any necessary personal effects;
. . . .
(e) " If the person so ordered refuses to comply with the order to leave the premises or returns to the premises before the expiration of the period of separation, or if the person so ordered initiates any contact with the abused person, the person shall be placed under arrest for the purpose of preventing further physical abuse or harm to the family or household member[.]
Upon careful review of the record, the applicable statutes and case law, and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Reinhart's points of error as follows:
Considering the evidence in the strongest light for the prosecution, we conclude that substantial evidence existed to support the Family Court's finding that the police had reasonable grounds to believe that physical abuse had occurred and probably would occur and, therefore, the warning citation had been properly issued. In another abuse of a family or household member case, this Court implicitly recognized hair-pulling can be a form of physical abuse. State v. Jardine, 101 Hawaii 3, 8, 61 P.3d 514, 519 (2002). Similarly, other jurisdictions have recognized that hair-pulling may constitute a form of physical abuse. See, e.g., In the Interest of S.A.P., 169 S.W.3d 685, 700 (Tex. Ct. App. 2005) (discussing a report of mother pulling daughter's hair as physical abuse); Adoption of Don & Others, 435 Mass. 158, 168, 755 N.E.2d 721, 728 (2001) (describing hairpulling and yelling as domestic abuse); and Havell v. Islam, 186 Misc.2d 726, 730, 718 N.Y.S.2d 807, 810 (2000) (including hairpulling, along with scratching and biting, in its description of physical abuse). Physical abuse "means to maltreat in such a manner as to cause injury, hurt, or damage" to a person's body. State v. Nomura, 79 Hawaii 413, 416, 903 P.2d 718, 721 (App. 1995); see also State v. Kameenui, 69 Haw. 620, 623, 753 P.2d 1250, 1252 (1998). We conclude that the record contains substantial evidence (the hair-pulling, along with the other testimony and evidence before it), to support the Family Court's finding that the officers had reasonable grounds to believe there was physical abuse or harm being inflicted upon Reinhart's wife and there was a probable danger of further physical abuse, warranting the issuance of a warning citation.
Considering the evidence in the strongest light for the prosecution, we conclude that substantial evidence existed to support the Family Court's finding that Reinhart returned to the premises before the expiration of the period of separation, including: (1) Reinhart's statement that he picked his wife from work at about 5:00 p.m. and "from there they went to the residence"; and (2) evidence that Reinhart was seen standing three or four feet from the building at 239 Kawaipuna Place. Although the officer was not sure that the side yard was part of the property, the evidence that Reinhart was within three to four feet of the building supports the Family Court's inference that Reinhart was on the property and, therefore, the inference that Reinhart returned to the premises.[3] See Walsh v. Chun, 80 Hawai`i 212, 216, 908 P.2d 1198, 1202 (1995) (discussing "chain of inference" analysis). We also conclude that Reinhart's assertion that HRS § 709-906(4)(e) is void for vagueness is meritless. Accordingly, we do not reach Reinhart's argument that he did not commit either of the alternative acts described in HRS § 709-906(4)(e).
For the foregoing reasons, we affirm the Family Court's Judgment.
NOTES
[1] The Hon. Eric G. Romanchak presided.
[2] HRS § 709-906(4)(c) provides that when the "incident occurs after 12:00 p.m. on any Friday, or on any Saturday, Sunday, or legal holiday . . . the twenty-four hour period shall be enlarged and extended until 4:30 p.m. on the first day following the weekend or legal holiday[.]"
[3] The Webster's dictionary, cited by /the State, defines "premises" as a "tract of land including its buildings" a "building together with its grounds." Random House Webster's College Dictionary at 1065 (1995 ed.). We take judicial notice that Maui County Code § 19.08.060 requires a minimum side yard of six feet for all properties in residential districts and Maui County Code § 19.24.050 requires a minimum side yard of ten feet for all properties in light industrial districts (Maui County Online Services identifies 239 Kawaipuna Place as being located in a light industrial district), further supporting the reasonableness of the inference that Reinhart was found on the property and therefore had returned to the premises.