903 P.2d 723

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Geraldine ORNELLAS, Defendant–Appellant.**

**No. 16809.**

Intermediate Court of Appeals of Hawai'i.

Oct. 4, 1995.

Certiorari Denied Oct. 26, 1995.

**420**

Ronald T. Ogomori, Deputy Public Defender, on the briefs, Honolulu, for defendant-appellant.

Donn Fudo, Deputy Prosecuting Atty., City and County of Honolulu, on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., and ACOBA and KIRIMITSU, JJ.

ACOBA, Judge.

Following a jury trial, Defendant–Appellant Geraldine Ornellas (Defendant) was found guilty on January 25, 1993 of Abuse of [a] Family and Household Member in violation of Hawai'i Revised Statutes (HRS) § 709–906 (Supp.1992).[1] She was sentenced and judgment was filed accordingly on January 25, 1993. We affirm.

## I.

The following facts were adduced at the jury trial.

On the evening of September 19, 1992, Officers Michael Cobb (Officer Cobb) and Miles Jung (Officer Jung) of the Honolulu Police Department responded to a call regarding a domestic dispute at Defendant's home. Upon his arrival, Officer Cobb testified that Defendant was yelling and demanded that John Ornellas, her husband (Husband), be removed from the apartment. Officer Cobb explained to Defendant that if she wanted the police to take any action against Husband, she had to explain the situation to them.

According to Officer Cobb, Defendant continued in a "high yelling voice[,]" and informed the police that she wanted her Husband "out" because "he woke [her] up." Defendant then told the officers that if they were "not going to kick him [Husband] out," she would leave. During this time, Husband was seated on the living room couch. On her way out, Defendant walked up to Husband and "slapped" him on the right side of his face. Officer Cobb related that the blow resembled "a round house punch." He then proceeded to arrest Defendant for physically abusing Husband.

Officer Jung was four to five feet outside of the apartment when he heard a loud "slapping" sound. He then entered the apartment and saw Officer Cobb restraining Defendant. When Officer Jung approached Husband to take Husband's statement, the officer observed "a red mark to [Husband's] right cheek area."

---

1. Hawai'i Revised Statutes § 709–906 (Supp. 1992) states in relevant part:

    **§ 709–906 Abuse of family and household members; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member, or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member may, upon request, transport the abused person to a hospital or safe shelter.

    For the purposes of this section, "family or household member" means spouses or former spouses, parents, children, and persons jointly residing or formerly residing in the same dwelling unit.

According to Husband, Defendant "gave [him] a fling or a slap" without any physical provocation on his part. Husband complained of "low throbbing pain" on the right side of his face as well as "headaches for a couple of days" as a result of the blow.

Defendant testified that Husband returned home on the evening of the incident and woke her up. An argument ensued and continued until the police arrived. She wanted the police to evict Husband, but when the officers would not take any action, Defendant decided to leave. Defendant confirmed that Husband was sitting on a couch at that time. On her way out, Defendant stated she "automatically flicked [her] hand [at Husband's] head."

At the conclusion of the trial, the jury found Defendant guilty as charged. Mittimus for Defendant was set to issue on February 5, 1993. On January 27, 1993, Defendant filed a Motion for Stay of Sentence, or in the Alternative, for Release on Bail Pending Appeal. A Notice of Appeal was filed on January 29, 1993. The court granted Defendant's Motion for Stay of Sentence Pending Appeal on February 2, 1993.

Defendant appeals on four grounds: (1) the trial court's jury instructions on the definition of "physical abuse" were incorrect;[2] (2) the trial court's use of the term "victim" in referring to the complaining witness in a jury instruction was prejudicial to her;[3] (3) the evidence was insufficient to convict her; and (4) the trial court abused its discretion in failing to dismiss the case because Defendant's violation of the statute was a "de minimis" one.

## II.

■ Defendant's first two contentions are the same as those raised by the defendant in *State v. Nomura*, 903 P.2d 718 (Haw.App. 1995). There, we held that the jury instructions identical to those used in the instant case were not incorrect in their definition of "physical abuse" under HRS § 709–906(1). We concluded, that to "physically abuse" someone means to maltreat in such a manner as to cause injury, hurt, or damage to that person's body and accordingly, that the trial court's instruction that physical abuse meant treatment resulting in "physical pain, illness or any impairment of physical conditions" was proper. Thus, we disagree with Defendant's contentions on these issues.

■ In *Nomura*, we also held that use of the term "the victim" in the elements instruction constituted a comment on the evidence by the court and hence, was prohibited by Hawai'i Rules of Evidence Rule 402. We pointed out that because the question of whether the complaining witness had been abused was a question yet to be decided by the jury, it was improper to refer to her as "the victim" in the instructions. However, viewing the instructions in their entirety, we determined that under the instructions and circumstances in that case, the use of the term "the victim" was not prejudicial and accordingly, its use was harmless error under Hawai'i Rules of Penal Procedure (HRPP) Rule 52(a).[4] The instructions here are identical to those in the *Nomura* case, and there are no facts in the record justifying an outcome different from that in *Nomu-*

---

2. The jury instructions involved were as follows:
   COURT'S SPECIAL INSTRUCTION NO. 01
   The defendant is charged with the offense of abuse of family and household members.
   A person commits the offense of abuse of family household members by physically abusing a family or household member.
   There are three (3) material elements to this charge, which the prosecution must prove beyond a reasonable doubt. The elements are:
   1) The defendant physically abused the victim.
   2) The victim is either a family or household member; and
   3) The defendant physically abused the victim intentionally, knowingly, or recklessly.

COURT'S SPECIAL INSTRUCTION NO. 02
   "Physical abuse" means causing bodily injury to another person.
COURT'S SPECIAL INSTRUCTION NO. 03
   "Bodily injury" means physical pain, illness or any impairment of physical conditions.

3. See Court's Special Instruction No. 01, *supra* at n. 2.

4. Hawai'i Rules of Penal Procedure Rule 52(a) states:

   **Harmless error.** Any error … which does not affect substantial rights shall be disregarded.

*ra.* As a result, we hold, that the use of the term "the victim" in the elements instruction in this case was harmless error under HRPP Rule 52(a).

### III.

■ Defendant also argues that there was insufficient evidence to support a finding that Defendant physically abused her husband within the meaning of HRS § 709–906.

■ It is well-settled " 'that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.]' " *State v. Pone,* 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995) (quoting *State v. Batson,* 73 Haw. 236, 248, 831 P.2d 924, 931 (1992)). On appeal, the test "is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." *Id.* Substantial evidence is "evidence which a reasonable mind might accept as adequate to support the conclusion of the factfinder." *State v. Gabrillo,* 10 Haw.App. 448, 459, 877 P.2d 891, 896 (1994) (quoting *State v. Lima,* 64 Haw. 470, 475, 643 P.2d 536, 539 (1982)) (citation and internal quotations and brackets omitted).

Defendant was convicted of physically abusing a family member under HRS § 709–906. As the trial court stated in Court's Special Instruction No. 01, a conviction under HRS § 709–906 requires proof beyond a reasonable doubt of each of the following three material elements: (1) Defendant physically abused Husband; (2) Defendant did so with the requisite state of mind; and (3) Husband was a family or household member of Defendant. It is uncontroverted that Husband was a family member of Defendant. Defendant does not dispute the state of mind requirement that she "intentionally, knowingly, or recklessly" struck Defendant.

■ We stated that the instruction on "physical abuse" which the jury applied was not erroneous. The jury's conclusion that Defendant physically abused Husband was supported by substantial evidence. Officer Cobb testified that Defendant slapped Husband's face and that the blow resembled "a round house punch." Husband claimed that the slap "stung" and that he had headaches for a "couple of days" following it. Generally, "[t]he jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight of the evidence[,]" *State v. Tripp,* 71 Haw. 479, 483, 795 P.2d 280, 283 (1990), and its finding in this case that Defendant was guilty of physical abuse was supported by substantial evidence.

### IV.

■ Lastly, Defendant contends that the court erred in denying Defendant's motion to dismiss the complaint because her conduct constituted a *de minimis* infraction of HRS § 709–906. Defendant first made the oral dismissal motion after the close of the State's case and the court's denial of her motion for judgment of acquittal. The motion was made pursuant to HRS § 702–236(1)(b) (1993), which provides:

> **§ 702–236 De minimis infractions.**
> (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> .    .    .    .    .
>
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]

The court denied the motion, ruling that:

> The Court believes that the evidence is most favorable to the State, that the defendant with her hand in openhanded, roundhouse, slapped ... the victim's face, causing the alleged victim's face to turn.
>
> The impact was sufficient enough for all to hear, including, an officer who was five to six feet away, and further, causing a throbbing headache thereafter, is not De [sic] minimis under the statute. Therefore, the Court will deny the motion.

After presenting her testimony, Defendant renewed her motion to dismiss which the court apparently denied again.

The "dismissal of a prosecution pursuant to HRS § 702–236 ... is not a defense." *State v. Reed*, 77 Hawai‘i 72, 85, 881 P.2d 1218, 1231 (1994). The authority to dismiss a prosecution under HRS § 702–236 rests in the sound discretion of the trial court. *See* Supplemental Commentary to HRS § 702–236 (1985). In this statute, "[t]he Legislature deleted the mandatory 'shall' and inserted in lieu [of "shall"] the permissive 'may', in order 'to make the court's power to dismiss a prosecution discretionary upon the finding that the conduct constituted a de minimis infraction. [The] intent [is] to give the courts broad discretion in this matter.' " *Id.* (quoting Sen.Conf. Comm.Rep. No. 2, in 1972 Senate Journal, at 741). Therefore, "[a] court's decision under [HRS § 702–236] is reviewed for an abuse of discretion." *State v. Akina*, 73 Haw. 75, 78, 828 P.2d 269, 271 (1992) (citation omitted). We will reverse the trial court only if the court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Id.* Thus, we review the court's denial of the motion to dismiss for abuse of discretion.

We must first examine the legislative intent behind the statute Defendant violated. *See Akina; State v. Vance*, 61 Haw. 291, 602 P.2d 933 (1979). Defendant was convicted of physically abusing Husband pursuant to HRS § 709–906(1). As evidenced by the language of HRS § 709–906, the purpose of the statute is to protect household members from physical abuse. *See* Commentary on HRS § 709–906 (1985) (purpose of statute was "to provide protection to a spouse from being physically abused by the other spouse"). *Cf. Akina* at 78, 828 P.2d at 271 (appellate court derives legislative intent primarily from language of the statute). In essence, HRS § 709–906 seeks to prevent violence between those persons denoted as "household members."

Next, we consider whether the evidence indicated that Defendant's actions "did not actually cause or threaten the harm sought

to be prevented by [HRS § 709–906] or did so only to an extent too trivial to warrant the condemnation of conviction." *Vance*, 61 Haw. at 307, 602 P.2d at 944. Husband testified that the slap "stung a little" and was audible. He also suffered headaches which he attributed to the blow. Officer Jung testified that when he and Officer Cobb arrived at the house and spoke with Defendant, she was angry and yelling. Although he was outside the apartment and four to five feet away, Officer Jung could hear a loud "slap." He entered the house and saw a red mark, consistent with a blow to Husband's face, on Husband's right cheek. Officer Cobb testified that from ten feet away, he saw Defendant walk up to Husband and strike Husband. The blow was like a "round house punch" and made a "loud" noise.

A blow hard enough to be audible and to cause a "red mark" on Husband's face would constitute maltreatment in such a manner as to cause injury, hurt, or damage to a person's body. Defendant did contend that the infraction was *de minimis* because, in her words, she only "flicked" her hand. However, Defendant admitted striking Husband in frustration and apparent anger, and her characterization of the contact as being a mere "flick" was contradicted by the testimonies of Officer Jung, Officer Cobb, Husband, and the physical evidence of the impact to Husband's face. Therefore, Defendant's blow did actually cause the harm sought to be prevented under HRS § 709–906(1). The blow was delivered without any apparent provocation and in the immediate presence of a police officer. Therefore, given the evidence, we cannot say that the trial court clearly exceeded the bounds of reason or disregarded principles of law when it held that the infraction was not "too trivial to warrant the condemnation of conviction" under HRS § 709–906(1).

### V.

Accordingly, the Judgment filed January 25, 1993 is affirmed.