STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ARACELI GONZALEZ, Defendant-Appellant.
No. 28517
Intermediate Court of Appeals of Hawaii.
June 27, 2008.
On the briefs:
Daniel G. Hempey for Defendant-Appellant.
Tracy Murakami, Deputy Prosecuting Attorney, County of Kauai for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J. WATANABE and FOLEY, JJ.
Defendant-Appellant Araceli Gonzalez (Gonzalez) appeals from the Judgment filed on April 9, 2007 in the Family Court of the Fifth Circuit (family court).[1] The family court found Gonzalez guilty of Violation of an Order for Protection, in violation of Hawaii Revised Statutes (HRS) § 586-11 (2006 Repl.)[2]
On appeal, Gonzalez contends the family court erred in finding that her violations of the protective order were not de minimis because her actions were within a customary tolerance and did not threaten the harm or evil sought to be prevented.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Gonzalez's appeal is without merit.
Gonzalez contends the family court erred in finding that her violations of the protective order were not de minimis, because her actions were within a customary tolerance and did not threaten the harm or evil sought to be prevented. The authority to dismiss a charge as de minimis under HRS § 702-236 (1993) rests in the sound discretion of the trial court. State v. Ornellas, 79 Hawaii 418, 423, 903 P.2d 723, 728 (App. 1995). We will not disturb that determination absent an abuse of discretion. State v. Oughterson, 99 Hawai`i 244, 253, 54 P.3d 415, 424 (2002). "A court abuses its discretion if it clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Id. (internal quotation marks, citation, and brackets omitted).
HRS § 702-236 provides:
§702-236 De minimis infractions. (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:
(a) Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or
(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]
(Emphases added).
In this case, it is undisputed that Gonzalez's conduct was "expressly refused by the person whose interest was infringed." Id. At trial, on direct examination, John Ratcliffe (Ratcliffe), Gonzalez's ex-husband, testified that he repeatedly told Gonzalez to leave and move her car from his carport:
Q. [State] And what did you do when [Gonzalez] was beating at the door?
A. Ratcliffe] I came up toward the door . and said, you have to leave, you can't stay here.
A. I said, we've had these things, you've got to go. You can't do this. [The child is] scared. You've got to back off. Get out in front. Get out in front. I gotta call the police. Okay? You gotta leave. You can't do this. You gotta get out front. You can't do this.
Ratcliffe further testified:
Q. [State] On July 20, 2006, did you ask [Gonzalez] to leave your residence?
A. [Ratcliffe] Yes.
Q. How many times did you ask her to leave?
A: It was a long scene. I do not know how many times, you gotta go, you gotta go. . . . I don't know how many times I said it. It was a bunch. It was just, please go. I don't want to call. Please go.
Q. And when you asked her several times many times to leave, what did she do?
A. She kept screaming, and obscenities, and shouting at [the child].
On cross-examination, Gonzalez testified that Ratcliffe told her to leave and remove her car from the carport:
Q. [State] And at some point [Ratcliffe] asked you to leave; right?
A. [Gonzalez] Yes, he told me to move the car.
Q. And initially you didn't leave the front door, you kept yelling and telling [the child] to hurry up; right?
A. I wanted my son in the car and for us to leave all at one time.
Gonzalez's actions were indeed "expressly refused" by Ratcliffe.
Gonzalez's actions were also "inconsistent with the purpose of" HRS § 586-11, and caused the very "harm or evil sought to be prevented by" HRS § 586-11. HRS § 702-236. The purpose of HRS § 586-11 is to prohibit the knowing or intentional violation of a protective order. Similarly, the "harm or evil sought to be prevented by" HRS § 586-11 is the violation of that order. In this case, the purpose of the order was to protect Ratcliffe from being contacted by Gonzalez, beyond what was permitted by the order's exception. As the family court stated at trial, "the concept of these restraining orders is to prohibit certain types of interaction, knowing that certain types of interaction are going to lead to upset to the person who has come to court and asked for a restraining order." The family cou further stated that, in the instant case, "it [was] not unreasonable for [Ratcliffe] to feel as though he was protected[.]" See Sorichetti v. City of New York, 65 N.Y.2d 461, 469, 492 N.Y.S.2d 591, 596, 482 N.E.2d 70, 75 (1985) ("The [protective] order evinces a preincident legislative and judicial determination that its holder should be accorded a reasonable degree of protection from a particular individual.")
Because the protective order's exception strictly limited Gonzalez to "stop[ping] her car in front of [Ratcliffe's] house . . . for the purposes of picking up and dropping off the minor child for periods of visitation/custody" (emphasis added), Gonzalez's acts of parking her car on Ratcliffe's property, approaching his house, knocking on his door, and yelling into his home violated the order and, thus, the purpose of HRS § 586-11.
The family court's finding that Gonzalez's actions were not de minimis did not "clearly exceed[] the bounds of reason" and the court did not "disregard[] the rules or principles of law or practice." Oughterson, 99 Hawai`i at 253, 54 P.3d at 424. Gonzalez violated the protective order, despite Ratcliffe expressly telling her to leave, acting "inconsistent[ly] with the purpose of" HRS § 586-11 and causing the very "harm and evil sought to be prevented." We hold, therefore, that the family court did not abuse its discretion.
Therefore,
The Judgment filed on April 9, 2007 in the Family Court of the Fifth Circuit is affirmed.
NOTES
[1] The Honorable Frank D. Rothschild presided.
[2] HRS § 586-11 provides in relevant part:

§586-11 Violation of an order for protection. (a) Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor.