STATE OF HAWAI`I, Plaintiff-Appellant,
v.
TANYA RAPOZO, aka Tanya Rapoza, Defendant-Appellee.
No. 29215.
Intermediate Court of Appeals of Hawaii.
April 20, 2009.
Brian R. Vincent, Deputy Prosecuting Attorney, for Plaintiff-Appellant.
Arthur E. Ross, for Defendant-Appellee.

MEMORANDUM OPINION
NAKAMURA, Presiding Judge, FUJISE and LEONARD, JJ.
Plaintiff-Appellant the State of Hawai`i (State) appeals the Order Granting Defendant's Motion to Dismiss Count I of the Felony Indictment With Prejudice, filed on June 3, 2008, in the Circuit Court of the First Circuit (Circuit Court).[1]
The Circuit Court dismissed the charge of Ownership or Possession Prohibited of Any Firearm or Ammunition By a Person Convicted of Certain Crimes, in violation of Hawaii Revised Statutes (HRS) § 134-7(b) and (h) (Supp. 2007)[2] against Defendant-Appellee Tanya Rapozo, aka Tanya Rapoza (Rapozo). On appeal, the State contends that the Circuit Court erred by dismissing the charge as a de minimus infraction pursuant to HRS § 702-236 (1993).[3]

I. RELEVANT FACTS
On April 24, 2007, Rapozo was charged with Ownership or Possession Prohibited of Any Firearm or Ammunition By a Person Convicted of Certain Crimes, in violation of HRS § 134-7(b) and (h) and Driving Without a License, in violation of HRS § 286-102 (2007).
On February 26, 2008, Rapozo filed a "Motion to Dismiss Count I of Felony Indictment on the Grounds of `Deminimus Infraction' Within the Meaning of H.R.S. 702-236" (Motion to Dismiss). Rapozo claimed that "under the circumstances, the finding of a single 38 caliber bullet in her bra did not actually cause or threaten the harm sought to be prevented or did so only to the extent too trivial to warrant the condemnation of conviction." Rapozo acknowledged that after she was arrested for driving under the influence, a .38 caliber bullet was found in the left cup of her bra. Rapozo claimed that the bullet was in her possession because "she was going to have it made into a charm bracelet."
On May 7, 2008, the Circuit Court held a hearing on the Motion to Dismiss and took the matter under advisement. On June 3, 2008, the Circuit Court issued its Order Granting Defendant's Motion to Dismiss Count I of Felony Indictment With Prejudice. The State timely filed this appeal, raising the following points of error:
1. The Circuit Court clearly erred in entering Findings of Fact (FOFs) 5 and 6:
5. Matron Chun escorted Ms. Rapozo into the holding cell to conduct a more extensive pre-incarceration search and found a single .38 caliber operable bullet in the left cup of defendant's bra.
6. Ms. Rapozo's explanation for possession of the bullet was that she was going to have it made into a charm for a bracelet.
2. The Circuit Court erred in Conclusions of Law (COLs) 1, 4, and 6:
1. The purpose of H.R.S. § 134-7(b) and (h) is to protect the public from criminal activity involving the use of firearms by felons convicted of certain crimes along with people under judicial restraint by prohibiting these individuals from possessing or controlling firearms and/or ammunition. In this case, the use of firearms and/or ammunition is not a relevant factor in causing the situation that led to defendant's arrest.
. . . .
4. Under the facts of this case, a single bullet hidden from plain view in defendant's bra, without the capacity to fire it and which could not be used to harm anyone, does not violate the purpose of H.R.S. § 134-7(b); nor does it create the danger the statute was designed to prevent.
. . . .
6. Clearly, the defendant has met her burden of showing that the de minimus statute applies. Therefore, in the interest of justice, this Court chooses to exercise the discretion provided by H.R.S. § 702-236 and the authorities cited herein, to dismiss Count I of the indictment with prejudice.
3. The Circuit Court abused its discretion when it determined that Rapozo's criminal conduct constituted a de minimis infraction.

II. APPLICABLE STANDARDS OF REVIEW
A circuit court's ruling with regard to whether a defendant's criminal conduct constitutes a de minimis infraction pursuant to HRS § 702-236 is reviewed on appeal for an abuse of discretion. A court abuses its discretion if it clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.
State v. Oughterson, 99 Hawai`i 244, 253, 54 P.3d 415, 424 (2002) (internal quotation marks, citations, and brackets omitted).
Appellate review of a circuit court's FOFs in a pretrial ruling is conducted according to the following standard:
Appellate review of factual determinations made by the trial court deciding pretrial motions in a criminal case is governed by the clearly erroneous standard. A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. The circuit court's conclusions of law are reviewed under the right/wrong standard.
State v. Walker, 106 Hawai`i 1, 9, 100 P.3d 595, 603 (2004) (internal quotation marks and citations omitted). "A conclusion of law that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned." Dan v. State, 76 Hawai`i 423, 428, 879 P. 2d 528, 533 (1994) (internal quotation marks and citations omitted).

III. DISCUSSION

The Challenged FOFs
The State's contention that FOFs 5 and 6 are clearly erroneous appears to be based on the potential distinction between a "bullet" and "ammunition." The State's concern, under the facts and circumstances of this case, is unfounded. The Circuit Court's finding, based on the test firing of the bullet, that Rapozo possessed an "operable bullet" was sufficient to satisfy the meaning of ammunition under HRS § 134-7(b). See State v. Gray, 108 Hawai`i 124, 132, 117 P.3d 856, 864 (App. 2005) (under HRS § 134-7(b), the State must prove that ammunition was "live" or "actually loaded" and thus capable of being fired). We conclude that FOFs 5 and 6 are not  by virtue of the reference to an operable bullet, rather than ammunition  clearly erroneous.

A. The Challenged COLs and Decision
Prior to 1968, HRS § 134-7 was codified as Section 157-7 of the Revised Laws of Hawaii. State v. Auwae, 89 Hawai`i 59, 68, 968 P.2d 1070, 1079 (App. 1998), overruled in part on other grounds by State v. Jenkins, 93 Hawai`i 87, 997 P.2d 13 (2000). Act 19 (1968) stated:
A Bill for an Act Relating to the Ownership of and Possession of Firearms, and Amending Chapter 157 of the Revised Laws of Hawaii 1955, as Amended, and Establishing New Penalties for Certain Violations.
Be It Enacted by the Legislature of the State of Hawaii:
SECTION 1. This Act is hereby declared to be an urgency measure deemed necessary in the public interest within the meaning of section 11 of Article III of the Constitution of the State of Hawaii.
The following is a statement of facts constituting such urgency:
During recent years, there has been an alarming increase in the number of crimes involving the use of firearms in the State of Hawaii. Up to two years ago the number of armed robberies was few in comparison to the total number of robberies of all kinds and the use of possession of firearms by other arrestees was very few in number.
Since the possession of firearms and/or ammunition by person having a prior record of convictions for crimes of violence gives rise to a reasonable apprehension that such persons might use such firearms for criminal and violent purposes, legislation prohibiting the possession or control of firearms by such persons and making such possession a felony is urgent and necessary for the protection of the general public.
1968 Haw. Sess. Laws, Act 19, § 1 at 23 (emphasis added).
The Circuit Court concluded that the harm that HRS § 134-7(b) sought to prevent was the commission of crimes by convicted felons by prohibiting their possession or control of firearms and/or ammunition. To this extent, COL 1 is correct because it is consistent with the stated intent of the statute. However, the remaining portion of COL 1  that the use of firearms and/or ammunition was not a relevant fact in causing "the situation" that led to Rapozo's arrest  disregarded a rule or principle of law, i.e., the statute under which Rapozo was charged. The situation that led to Rapozo being arrested and charged in Count I was that she was allegedly within the class of persons that the legislature urgently and necessarily believed posed a threat to the public if they possessed either firearms or ammunition and she allegedly possessed ammunition. The statute does not require proof that the convicted felon used or was about to use the firearm or ammunition. The statute was based on the premise that a felon's possession of a firearm or ammunition "gives rise to a reasonable apprehension that such person might use such firearms [or ammunition] for criminal and violent purposes." See 1968 Haw. Sess. Laws, Act 19, supra. The court disregarded this principle of law when it based its finding on the absence of evidence that the ammunition was used or about to be used.
Similarly, the Circuit Court erred in COLs 4 and 6. The plain language of HRS § 134-7(b) seeks to prevent convicted felons from possessing or controlling firearms or ammunition. There is no indication that the legislature intended to limit the possibility of a felon committing a crime with a firearm or ammunition to a specific instance. The circumstances of this case, i.e. that there was only one bullet, it was hidden in Rapozo's bra, and Rapozo did not also possess a firearm or other means of firing the bullet, do not negate the public safety purpose of the clear statutory mandate that convicted felons are not allowed to possess any firearms or ammunition.
In reviewing the Circuit Court's determination that Rapozo's violation of HRS § 134-7(b) was a de minimis infraction within the meaning of HRS § 702-236(1)(b), we consider the Hawai`i Supreme Court's decision in State v. Viernes, 92 Hawai`i 130, 988 P.2d 195 (1999), which was relied on by the Circuit Court. In Viernes, the supreme court affirmed the trial court's dismissal of a possession of 0.001 grams of methamphetamine as a de minimis infraction pursuant to HRS § 702-236. 92 Hawai`i at 135, 988 P.2d at 200. The Circuit Court likened Rapozo's possession of a single bullet to the possession of a minuscule amount of methamphetamine in Viernes. However, these cases are clearly distinguishable. In Viernes, the court concluded that possession of 0.001 grams of methamphetamine was not the type of criminal conduct that the legislature envisioned would be punished because, based on the uncontroverted expert testimony adduced in that case, the amount in question would not cause a physiological effect on a human body and was not of a saleable amount. Viernes, 92 Hawai`i at 131-32, 988 P.2d at 196-97. It is without question that one live .38 caliber bullet is exactly the sort of ammunition that could kill or seriously injure a human being. The statute does not require the possession of a firearm or other firing device in addition to the prohibited ammunition. Rapozo points to no Hawai`i case law or legislative history that supports the argument that a single round of ammunition "did not threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trial to warrant the condemnation of conviction" because it is not accompanied by a firearm or additional ammunition.
Finally, we consider Rapozo's claim that she intended to make the bullet into a charm bracelet. This fact is better characterized as a defense of justification as to her possession. However, "[t]he dismissal of a prosecution pursuant to HRS § 702-236. . . is not a defense." State v. Ornellas, 79 Hawai`i 418, 423, 903 P.2d 723, 728 (App. 1995). Assertion of a justification defense should be made and considered by the trier-of-fact at trial. Rapozo failed to meet her burden of showing that HRS § 702-236 (1) applies to the circumstances in this case.
For these reasons, we conclude that the Circuit Court abused its discretion in granting Rapozo's Motion to Dismiss. The Circuit Court's June 3, 2008 Order is vacated and this case is remanded for trial.
NOTES
[1] The Honorable David Lo presided.
[2] HRS § 134-7 provides in relevant part (emphasis added):

§ 134-7. Ownership or possession prohibited, when; penalty
. . . .
(b) No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.
. . . .
(h) Any person violating subsection (a) or (b) shall be guilty of a class C felony; provided that any felon violating subsection (b) shall be guilty of a class B felony. Any person violating subsection (c), (d), (e), (f), or (g) shall be guilty of a misdemeanor.
[3] HRS § 702-236 states:

§702-236 De minimis infractions. (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:
(a) Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or
(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.
(2) The court shall not dismiss a prosecution under subsection (1)(c) of this section without filing a written statement of its reasons.