STATE OF HAWAII, Plaintiff-Appellee, *v.* BRYAN KAMEENUI, Defendant-Appellant

NO. 12347

(FC-CRIMINAL NO. 87-1167)

AND

STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID KEALOHA, Defendant-Appellant

NO. 12353

(FC-CRIMINAL NO. 87-1292)

MAY 9, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The Defendants, Bryan Kameenui and David Kealoha, were convicted in unrelated incidents under Hawaii Revised Statutes (HRS) § 709-906, the spouse abuse statute. These appeals challenge the statute as unconstitutionally void for vagueness and overbreadth for failure to adequately define the term "physical abuse." We hold that the statute is not vague or overbroad and affirm the convictions.

I.

*State v. Kameenui.* On the evening of February 23, 1987 Bryan Kameenui was home with his three children while his wife, Sherry, was out drinking with friends. When Sherry returned home, she did not immediately go inside the house but stayed in the garage with a girlfriend "talking story." Bryan woke sometime after 5:00 a.m. and went out to the garage to find out why Sherry arrived home so late. An argument ensued, during which Bryan, with open hands, pushed Sherry a couple of times. She fell back against the garage wall striking her head and scraping her arm. The police arrived and observed her abrasions and that she was crying. Bryan was arrested after Sherry indicated he had caused the injuries.

After a bench trial, Kameenui was found guilty as charged and sentenced to 30 days in jail, with 28 days of the sentence suspended for six months. His sentence is stayed pending appeal.

*State v. Kealoha.* Tara Sue Rosier and David Kealoha had been living together for about five months when Rosier learned she was pregnant. She discussed the pregnancy with Kealoha and a disagreement developed over the paternity of the fetus. On April 10, 1987, Kealoha went to see Rosier at work. She told him they were through and not to wait for her. Rosier left work with a friend, went to dinner, went to the friend's apartment, and then went to a mini concert. She returned to the cottage she lived in with Kealoha

early on April 11. Upon entering, Kealoha struck her twice in the face resulting in injury to her eye, facial swelling, and a cut lip. She left to call the police and subsequently, Kealoha was arrested. At a bench trial, Kealoha was found guilty of violating HRS § 709-906 and sentenced to 60 days in jail, 53 of which were suspended for one year upon the condition that he complete a specified treatment program.

## II.

Due process of law requires that a penal statute or ordinance state with reasonable clarity the act it proscribes and provide fixed standards for adjudging guilt, or it is void for vagueness. *State v. Bloss,* 64 Haw. 148, 163, 637 P.2d 1117, 1128 (1981), *cert. denied* 459 U.S. 824, 103 S. Ct. 56, 74 L. Ed. 2d 60 (1982). Statutes must give the person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited so that he or she may choose between lawful and unlawful conduct. *State v. Kaneakua,* 61 Haw. 136, 138, 597 P.2d 590, 592 (1979).

The statute in question provides:

(1) It shall be unlawful for any person, singly or in concert, to *physically abuse* a family or household member, or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member may, upon request, transport the abused person to a hospital or safe shelter.

For the purposes of this section, "family or household member" means spouses or former spouses, parents, children, and persons jointly residing or formerly residing in the same dwelling unit.

. . . .

(4) Any police officer may, with or without a warrant, take the following course of action where the officer has reasonable grounds to believe that there was recent *physical abuse or harm* inflicted by one person upon a family or household member[.] (Emphasis added).

"Physical abuse" is not defined within the statute.

An ordinary reading of the statute gives sufficient notice to the

Defendants that their conduct was prohibited. In a matter as complex as the physical abuse of household members, to require the legislature to list every type of conduct covered under the statute would be counterproductive. *Bowers v. State,* 389 A.2d 341 (Md. 1978).

In both cases at bar, the victims suffered physical harm. Persons of ordinary intelligence would have a reasonable opportunity to know that causing physical injury by punching someone in the face or shoving them so that they fall against a wall would constitute physical abuse. *People v. D.A.K., Minor Child,* 596 P.2d 747 (Colo. 1979) (ordinarily reasonable parent can understand what it means to abuse a child); *City of Cincinnati v. McIntosh,* 251 N.E.2d 624 (Ohio Ct. App. 1969) (as ordinarily used abuse means to maltreat and connotes such treatment as will injure, hurt or damage a person). Thus, the Defendants' contention that HRS § 709-906 is void for vagueness for the absence of a definition of the term "physical abuse" must fail.

### III.

The Defendants argue that the statute is unconstitutionally overbroad. If a statute is clear in its terms but sweeps so broadly as to include constitutionally protected conduct as well as unprotected conduct, it will fail. *State v. Kaneakua,* 61 Haw. 136, 597 P.2d 590 (1979). The Defendants argue that the right to familial privacy has been implicated, as the statute provides in some cases for the removal of the abuser from the home for a 12-hour period.

This argument is without merit. There is no constitutionally protected right to remain free in your home after physically harming someone residing there. In addition, there is no indication in the cases before the court that the individuals were removed from the residences involved. HRS § 709-906 is not unconstitutionally overbroad.

The convictions are affirmed.

*Clifford Hunt (Melody Anne Parker* and *Susan Barr* on the opening brief and *Susan Barr* on the reply brief), Deputy Public Defenders, for defendant-appellant.

*Vickie Silberstein (Lila B. Le Duc* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.