903 P.2d 718

STATE of Hawai'i, Plaintiff–Appellee,

v.

Alika K. NOMURA, Defendant–Appellant.

No. 16808.

Intermediate Court of Appeals of Hawai'i.

Sept. 26, 1995.

Certiorari Denied Oct. 16, 1995.

Ronald T. Ogomori, Deputy Public Defender, on the briefs, Honolulu, for defendant-appellant.

Patricia A. Loo, Deputy Prosecuting Atty., City and County of Honolulu, on the brief, Honolulu, for plaintiff-appellee.

Before WATANABE, ACOBA and KIRIMITSU, JJ.

ACOBA, Judge.

After a jury trial, Defendant–Appellant Alika K. Nomura (Defendant) was convicted

on January 15, 1993 of Abuse of [a] Family and Household Member in violation of Hawai'i Revised Statutes (HRS) § 709–906(1) (Supp.1992).[1] He appeals the amended judgment of conviction and sentence filed on February 1, 1993. We affirm.

## I.

On August 7, 1992, pursuant to HRS § 709–906 (Supp.1992), Defendant was charged with physically abusing his wife Landa Nomura, the complaining witness (Witness). Defendant and Witness had been married for approximately four years but were separated at the time of the incident. On the evening of August 5, 1992, Defendant, Witness, and one of their sons went to the supermarket for groceries. There, the couple had an argument over money.

Upon returning to Witness' apartment, the argument escalated into a fight. According to Witness, before she could open her front door, Defendant grabbed her hair "real hard," turned her around, and pushed her against the glass door, causing her to fall to the ground. Defendant then grabbed her hair again and tried to slam her head on the ground. Defendant slapped Witness twice more on her head and tried to choke her before he finally left the area. Witness attested that she had red marks on her face and felt pain "all over." She called the police after Defendant's departure.

Defendant testified that Witness initiated the fight because he told her that he wanted a divorce. According to Defendant, Witness reacted to this news by slapping and hitting him. He denied hitting, grabbing, slapping, or choking Witness as she had testified.

At the conclusion of the trial on January 15, 1993, the jury found Defendant guilty. On January 22, 1993, Defendant was sentenced to one year of probation with nine months in prison and mandatory counseling

as conditions of probation. On January 27, 1993, Defendant filed a Motion for Stay of Sentence, or in the Alternative, for Release on Bail Pending Appeal. On February 1, 1993, Defendant's sentence was amended to one year incarceration, three months of which were suspended, provided he remained arrest and conviction free and complied with the court-ordered counseling. On February 17, 1993, Defendant's Motion for Release on Bail Pending Appeal was granted.

Defendant appeals on two grounds: (1) the trial court's definition of "physical abuse" in the jury instructions was incorrect; and (2) the trial court's reference to Witness as "the victim" in the jury instructions was prejudicial to him.

The jury instructions involved were as follows:

COURT'S SPECIAL INSTRUCTION NO. 01 [ (Instruction No. 01) ]

. . . .

A person commits the offense of abuse of family household members by physically abusing a family or household member.

There are three (3) material elements to this charge, which the prosecution must prove beyond a reasonable doubt. The elements are:

1) The defendant physically abused the victim.

2) The victim is either a family or household member; and

3) The defendant physically abused the victim intentionally, knowingly, or recklessly.

COURT'S SPECIAL INSTRUCTION NO. 02 [ (Instruction No. 02) ]

"Physical abuse" means causing bodily injury to another person.

---

1. Hawai'i Revised Statutes (HRS) § 709–906(1) (Supp.1992) states the following:

 **§ 709–906 Abuse of family and household members; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member, or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a

 family or household member may, upon request, transport the abused person to a hospital or safe shelter.

 For the purposes of this section, "family or household member" means spouses or former spouses, parents, children, and persons jointly residing or formerly residing in the same dwelling unit.

COURT'S SPECIAL INSTRUCTION NO. 03 [ (Instruction No. 03) ]

"Bodily injury" means physical pain, illness or any impairment of physical conditions.

## II.

We examine the instructions as they pertain to the definition of "physical abuse" first.

In pertinent part, HRS § 709–906(1) states, "[i]t shall be unlawful for any person, singly or in concert, to physically abuse a family or household member.... For purposes of this section, 'family or household member' means spouses or former spouses, ... and persons jointly residing or formerly residing in the same dwelling unit."

 Although the statute does not specifically define the term "physical abuse," the Hawai'i Supreme Court has held that the statute is not void for vagueness because "as ordinarily used[,] abuse means to maltreat and connotes such treatment as will injure, hurt or damage a person." *State v. Kameenui,* 69 Haw. 620, 623, 753 P.2d 1250, 1252 (1988) (citing *City of Cincinnati v. McIntosh,* 20 Ohio App.2d 50, 251 N.E.2d 624 (1969)). In *Kameenui,* the supreme court concluded that "physical abuse" included "physical injury." "Persons of ordinary intelligence would have a reasonable opportunity to know that causing physical injury by punching someone in the face or shoving them so that they fall against a wall would constitute physical abuse." *Id.* at 623, 753 P.2d at 1252 (citations omitted). Of course, " '[r]esort to legal or other well accepted dictionaries is one way to determine the ordinary meanings of certain terms [not statutorily defined].' " *State v. Chen,* 77 Hawai'i 329, 337, 884 P.2d 392, 400 (App.1994) (quoting *Rivas v. State,* 787 S.W.2d 113, 115 (Tex.Ct.App.1990)). Abuse which is "physical" would by definition pertain to abuse of a person's body[.] "Physical" means "relating or pertaining to the body." *Black's Law Dictionary* 1147 (6th ed. 1990). Commonly, "physical" also means "concerned or preoccupied with the body." *Merriam Webster's Collegiate Dictionary* 877 (10th ed. 1993).

 By informing the jury in Instruction No. 02 that physical abuse meant causing bodily injury to another person, the trial court's definition was well within the scope of the construction to be given the term "physical abuse" as it was previously approved in *Kameenui.* We also conclude that the further explanation of bodily injury as "physical pain, illness or any impairment of physical conditions" in Instruction No. 03 did not exceed the definitional parameters of "physical abuse" as "treatment [which] will injure, hurt or damage a person." *Kameenui* at 623, 753 P.2d at 1252. From *Kameenui* and the preceding definitions of the word "physical," it is evident that to "physically abuse" someone means to maltreat in such a manner as to cause injury, hurt, or damage to that person's body. A more precise definition would "require the legislature to list every type of conduct covered under the statute [which] would be counterproductive." *Id.* at 623, 753 P.2d at 1252. Therefore, the definition of "physical abuse" given by the court in its instructions was not incorrect.

## III.

Defendant further maintains that in referring to Witness as the "victim" in Instruction No. 01 (the elements instruction), the trial court improperly commented on the evidence in violation of Hawai'i Rules of Evidence (HRE) Rule 1102, thereby prejudicing Defendant. The term "victim" includes a "person who is the object of a crime ... as the victim of a robbery is the person robbed." *Black's Law Dictionary* 1567 (6th ed. 1990). "Victim" also refers to "one that is acted on and usu[ally] adversely affected by a force or agent [or] one that is injured." *Merriam Webster's Collegiate Dictionary* 1316 (10th ed. 1993).

 Hence, the term "victim" is conclusive in nature and connotes a predetermination that the person referred to had in fact been wronged. Because the question of whether Witness had been abused was a question yet to be decided by the jury, it was improper to refer to her as "the victim." Furthermore, Defendant denied any contact with Witness which might have caused her injury, making the existence of any "injury" another ques-

tion to be decided by the jury. Obviously, the trial court could have used the term "complaining witness" or referred to Witness by her name to avoid any appearance of partiality. We agree, then, that the trial court violated HRE Rule 1102.

■ HRE Rule 1102, which has no federal rule counterpart, replaced prior HRS §§ 635–15 and 635–17 (1976).[2] The Rule requires the court to instruct the jury on the law but precludes the court from commenting upon the evidence. *State v. Young,* 8 Haw. App. 145, 157, 795 P.2d 285, 292 (1990).

HRE Rule 1102 states:

**Rule 1102 Jury instructions; comment on evidence prohibited.** The court shall instruct the jury regarding the law applicable to the facts of the case, but shall not comment upon the evidence. It shall also inform the jury that they are the exclusive judges of all questions of fact and the credibility of witnesses.

■ The rationale behind the Rule is that judicial comment upon evidence risks placing the court in the role of an advocate, A. Bowman, *Hawaii [Hawai'i] Rules of Evidence Manual* § 1102–2 at 406 (1990); A. Bowman, *The Hawaii [Hawai'i] Rules of Evidence,* 2 U.Haw.L.Rev. 431, 475 n. 282 (1981); *cf. State v. Pokini,* 57 Haw. 17, 23–26, 548 P.2d 1397, 1401–02 (1976) (no justification for trial court's remarks demeaning defense counsel). It is "essential ... that the presiding judge endeavor at all times to maintain an attitude of fairness and impartiality." *Pokini* at 26, 548 P.2d at 1402. Consequently, it was improper for the court to instruct the jury that Witness was a "victim."

■ Accordingly, we hold that the reference to a complaining witness as "the victim" in criminal jury instructions is inaccurate and misleading where the jury must yet determine from the evidence whether the complaining witness was the object of the offense and whether the complaining witness was

acted upon in the manner required under the statute to prove the offense charged. Here, the question of whether Witness was the object of the crime and whether she suffered physical "abuse" were elements required to be proven under the statute and, hence, matters for the jury to evaluate and not for the court to comment upon. Thus, we disapprove of the reference to the complaining witness as a "victim" in Instruction No. 01.

■ We must decide, however, whether the subject instruction was prejudicial to Defendant in light of the other instructions given in this case. Where the instructions are challenged, "the ultimate question on appeal is whether the instructions, as a whole, correctly stated the law." *State v. Toro,* 77 Hawai'i 340, 348, 884 P.2d 403, 411 (App.), *cert. denied,* 77 Hawai'i 489, 889 P.2d 66 (1994). The standard for reviewing jury instructions in criminal cases is whether "when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." *State v. Horswill,* 75 Haw. 152, 160, 857 P.2d 579, 581 (1993); *State v. Villeza,* 72 Haw. 327, 333, 817 P.2d 1054, 1057 (1991); *Toro,* 77 Hawai'i at 350, 884 P.2d at 413.

Viewing the instructions in their entirety, we do not believe the court's reference to Witness as "the victim" was prejudicial. Although Instruction No. 01 referred to Witness as "the victim," it properly related to the jury that the prosecution was required to prove the elements of the crime "beyond a reasonable doubt," dissipating whatever effect the term "victim" might have had on the jury.

The other instructions provided a barrier to any improper inferences from the court's comment that may have prejudiced Defendant. The jury had been told in Court's Instruction No. 2 that it was "not [to] be influenced at all because the defendant ha[d] been charged with an offense." The jury was further charged in Court's Instruction

---

**2.** HRS §§ 635–15 and 635–17 (1976) were repealed in 1980. HRS § 635–15 authorized the court to "charge the jury whether there is or is not evidence, indicating the evidence, if any, tending to establish or rebut any specific fact involved in the case." HRS § 635–17 directed

the court, "in a criminal case, [to] make such comment on the evidence and the testimony and credibility of any witness as in its opinion is necessary for the proper determination of the case."

No. 3 to "presume the defendant is innocent of the charge ... unless and until the prosecution prove[d] the defendant guilty beyond a reasonable doubt." Here, Defendant did testify, and the jury was also advised in Court's Instruction No. 9 that the jurors were "the *sole* judges of the credibility of all witnesses and the weight ... their testimony deserves." (Emphasis added.) Finally, the court indicated to the jury in Court's Instruction No. 2 that it was "to disregard" any "suggest[ion] to you that I favor one side or the other" or "any opinion as to how I would resolve any issue in this case." This final instruction, taken with the other instructions, should have insulated Defendant from any inference that the court favored the complaining witness' version of the subject events. It is well-established that:

> [I]f, when the instructions of the court are considered as a whole, they correctly state the law and are not inconsistent or misleading, the fact that a particular instruction or isolated paragraph may be objectionable, as inaccurate or misleading, will not constitute ground for reversal.

*State v. Pinero,* 75 Haw. 282, 292, 859 P.2d 1369, 1374 (1993) (quoting *State v. Travis,* 45 Haw. 435, 438, 368 P.2d 883, 886 (1962)).

We hold, then, that viewed in their entirety, the instructions were not prejudicially inaccurate or misleading in this case.[3] It follows that the court's error in using the term "the victim" in the instruction on elements would not have had a substantial influence upon the jury's verdict and thus, the error was harmless under Hawai'i Rules of Penal Procedure Rule 52(a).[4] *See Toro.*

### IV.

For the foregoing reasons, we affirm the amended judgment filed on February 1, 1993.

---

**3.** Because use of the term "the victim" is improper, we cannot say, that under other circumstances and different instructions, such error would not be prejudicial.

**4.** Hawai'i Rules of Penal Procedure Rule 52a states:

**Rule 52. HARMLESS ERROR AND PLAIN ERROR.**

**(a) Harmless Error.** Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.