STATE OF HAWAI'T, Plaintiff -Appellee,
v.
ALBERT SOUZA, JR., Defendant-Appellant
No. 28210.
Intermediate Court of Appeals of Hawaii.
May 30, 2008.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and NAKAMURA, JJ.
Defendant-Appellant Albert Souza, Jr. (Souza) appeals from the Judgment of Conviction and Sentence entered on September 14, 2006, in the Family Court of the First Circuit (family court).[1]
Souza was charged on May 8, 2006 by written complaint with intentionally, knowingly, or recklessly physically abusing Margaret Dupont (Dupont), thereby committing the offense of Abuse of Family or Household Member in violation of Hawaii Revised Statutes § 709-906 (Supp. 2005). The charge stemmed from an incident on May 2, 2006, during which Souza allegedly grabbed and squeezed the face and neck of Dupont, who was his girlfriend.
After a bench trial, the family court found Souza guilty as charged and sentenced him to serve two years of probation and two days of imprisonment, with credit for time served, and to complete a domestic violence intervention course at his own expense.
Souza raises the following point of error on appeal: "There was no substantial evidence to support Mr. Souza's conviction where there was no substantial evidence that he `physically abused' Dupont."
After a careful review of the record and the briefs submitted by both parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Souza's point of error as follows:
Considering the evidence in the light most favorable to the State of Hawai'i, State v. Richie, 88 Hawai'i 19, 33, 960 P. 2d 1227, 1241 (1998), there was substantial evidence supporting the requisite findings for conviction.
In State v. Nomura, the trial court instructed the jury that "physical abuse" meant causing "bodily injury" to another person, and defined "bodily injury" as "physical pain, illness or any impairment of physical conditions." 79 Hawai'i 413, 415-16, 903 P.2d 718, 720-21 (App. 1995). This court found that the trial court's jury instruction" did not exceed the definitional parameters of `physical abuse' as "treatment [which] will injure, hurt or damage a person." Id. at 416, 903 P.2d at 721.
Dupont testified during direct, cross-examination, and redirect that she felt pain while Souza was squeezing her neck and face. Dupont's testimony that the pain was bearable and that it subsided after Souza let her go does not negate her testimony that she suffered pain during the incident. In addition, Dupont's testimony that she felt "pressure" at a level of "6" on a scale of 1 to 5, and that the squeezing left red marks on her face and neck, support the inference that she experienced pain during the incident, as does her testimony that she was "scared" during the incident. Accordingly, there was substantial evidence to support the family court's determination that Souza physically abused Dupont by causing her bodily injury in the form of pain.
Therefore, the Judgment of Conviction and Sentence entered on September 14, 2006 in the Family court of the First Circuit is hereby affirmed.
NOTES
[1] The Honorable Russel S. Nagata presided.