318 P.3d 126

**STATE of Hawai'i, Respondent/Plaintiff–Appellee,**

**v.**

**Sushil BASNET, Petitioner/Defendant–Appellant.**

**No. SCWC–11–0000762.**

Supreme Court of Hawai'i.

Dec. 18, 2013.

Steven T. Barta, Honolulu, for petitioner.

James M. Anderson, Honolulu, for respondent.

RECKTENWALD, C.J., NAKAYAMA, ACOBA, McKENNA, and POLLACK, JJ.

Opinion of the Court by ACOBA, J.

We hold first, that respectfully, the Family Court of the First Circuit (the family circuit court) should have arraigned Petitioner/Defendant–Appellant Sushil Basnet (Basnet) in accordance with Hawai'i Rules of Penal Procedure (HRPP) Rule 10(a), but because it failed to do so, the case must be dismissed without prejudice. Second, in the event of retrial, we hold that the charge was sufficient inasmuch as it "fully defin[ed] the offense in unmistakable terms readily comprehensible to persons of common understanding." *State v. Jendrusch*, 58 Haw. 279, 282, 567 P.2d 1242, 1245 (1977). Accordingly, the family circuit court's judgment of conviction and sentence entered on September 23, 2013 is vacated and the case is dismissed without prejudice.

I.

A. Arrest and Complaint

Basnet was arrested following an incident that took place the morning of June 7, 2011 at the Himalayan Kitchen restaurant. Respondent/Plaintiff–Appellee State of Hawai'i

(the State) filed a Complaint against Basnet on June 9, 2011. The caption on the Complaint stated "IN THE DISTRICT COURT OF THE FIRST CIRCUIT" and the Complaint stated as follows:

The undersigned Deputy Prosecuting Attorney of the City and County of Honolulu, State of Hawaii charges:

On or about the 7th day of June, 2011, in the City and County of Honolulu, State of Hawaii, SUSHIL BASNET did intentionally, knowingly, or recklessly physically abuse [Basnet's wife], a family or household member, thereby committing the Offense of Abuse of Family or Household Members [ (AFHM) ], in violation of Section 709–906(1) [1] of the Hawaii Revised Statutes [ (HRS) ]. SUSHIL BASNET is subject to sentencing in accordance with Section 709–906(5)(a) of the [HRS].

(Emphasis added.) Basnet posted a $1,000 cash bail and received a notice to appear at the "FAMILY [court]—Alakea" on June 21, 2011.

B. Proceedings Before Judge Choy

On June 21, 2011, a hearing apparently took place in the family district court before Judge Darryl Y.C. Choy. The Pre–Trial Order in the record, entered on June 21, 2011 by Judge Choy states at the top of the form that the order is from the "Family Court of the First Circuit." In the section of the form titled "Trial Setting", it indicates that Basnet waived reading of the charge, entered a plea of not guilty, and that a jury trial was demanded, and thereby the case was committed to circuit court. Basnet was ordered to appear next on September 19, 2011, at 1111 Alakea St., Courtroom 8C.

1. HRS § 709–906(1) (Supp.2006) provides:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter. For purposes of this section, "family or household member" means spouses or reciprocal

C. Pre–Trial Proceedings Before Judge Castagnetti

On September 19, 2011, the parties appeared before the Honorable Jeannette H. Castagnetti, in the family circuit court. Both parties indicated that they were ready to proceed to trial, and the family circuit court ordered the parties back to appear the following day for trial.

On Tuesday, September 20, 2011, the family circuit court informed the parties that the case was a "backup case[ ] for trial this week," and ordered the parties to return that Thursday, September 22, 2011. The deputy prosecuting attorney also made an oral motion to amend the Complaint in the case. He stated that "[b]asically, the heading at the top says in the District Court. However, it was filed in the Family Court, and I just have corrected that with an amended [C]omplaint." At that time, defense counsel stated that he had "a rather lengthy objection". Defense counsel gave his notes he had made outlining his objection to Judge Castagnetti, after he indicated that the notes did not contain any privileged communications. The family circuit court indicated that it would take the State's oral motion to amend the Complaint under advisement, to address when the parties returned later that week.

On Thursday, September 22, 2011, the family circuit court addressed the issue of amending the Complaint that was raised by the deputy prosecuting attorney at the prior hearing. The deputy prosecuting attorney maintained that the purpose of amending the Complaint was to correct the typographical error that the case was in family court, and not in district court. Defense counsel stated his position that the error was substantive rather than typographical. In his view, the court lacked jurisdiction because Basnet was arraigned in circuit court [2] and should have

beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

2. As will be discussed *infra*, there was ongoing confusion regarding the status of the court presided over by Judge Choy. It was actually a family district court, but defense counsel at this stage of the case apparently thought it was a family circuit court, perhaps because, as noted,

instead been arraigned in district court. He stated as follows:

> Your Honor, my position is that it is not a typographical error. It is substantive.

> This court has no jurisdiction for two very fundamental reasons. And I understand that it's probably very upsetting because what it means is that all of these cases are inappropriately being processed. Yet, as you know, the appellate court did strike down hundreds of—several hundred DUI cases last year because they, in fact, were not being properly charged. My argument is, one, this case is not properly charged and, two, it is not being properly processed.

> It's very clear that the family court rules specifically state that the [HRPP] govern these types of cases. And, in fact, there are no rules in the family court rules governing the charge, the arraignment, and the processing of the defendant. That's clear.

> So we look to the [HRPP]. [The HRPP] are also very clear on its face, and it says that if someone is charged with a non-felony, they don't get arraigned in circuit court. Family court is circuit court. It was inappropriate to arraign Mr. Basnet here. It's—so as a consequence, that arraignment is void.

> The appropriate place is in the district court. And then when an individual either refuses to elect jury trial or demand jury trial, it is incumbent upon the [district] court to transfer it to the circuit court, and the circuit court does not obtain jurisdiction until the district court does so.[3] So I'm not simply arguing that he cannot amend the [C]omplaint. I'm arguing that this court does not have jurisdiction.

(Emphases added.) Defense counsel also made further arguments regarding the sufficiency of the Complaint for failure to define "physical abuse" or "family or household member", alleging that the Complaint should

be dismissed pursuant to *State v. Wheeler*, 121 Hawai'i 383, 219 P.3d 1170 (2009).

The family circuit court rejected defense counsel's arguments regarding the arraignment, because it noted that Basnet was actually arraigned in a family district court:

> THE COURT:.... First, let's deal with the issue of the State's oral motion to amend the [C]omplaint to have the heading listed as it being in the family court as opposed to the district court which [the deputy prosecuting attorney] has represented is a typographical error. So I understand [defense counsel's] argument that this court lacks jurisdiction over the subject—are you saying subject matter of the [C]omplaint?

> [DEFENSE COUNSEL:] ... Yes.

> THE COURT: Okay. And you're also saying that the Rules of Penal Procedure were not followed appropriately because the defendant was arraigned in a circuit court as opposed to a district court?

> [DEFENSE COUNSEL:] That's correct.

> . . . .

> THE COURT: Okay, what about the fact that under the [HRS] that there are family district judges appointed who have the same powers as district court judges, and the courtroom next-door where the arraignment took place, those were family district court judges, and the family court has exclusive original jurisdiction over cases involving husbands and wi[ves]?

> . . . .

(Emphases added.) The court explained that the statutory scheme establishes both family district courts and family circuit courts, and concluded that Basnet had been properly arraigned in the family district court:

> THE COURT: Okay. All right. All right, so [HRS] Chapter 571 pertains to family court, and specifically, [HRS § ] 571-3 [ (2006)[4] ] establishes that family

---

Judge Choy's pre-trial order had the heading "Family Court of the First Circuit."

3. This is the basis of defense counsel's ultimate argument on this issue, specifically, that Basnet should have been re-arraigned in the court that conducted the jury trial.

4. HRS § 571–3 provides:

> The family courts shall be divisions of the circuit courts of the State and shall not be deemed to be other courts as that term is used in the State Constitution. A family court shall be held at the courthouse in each circuit, or

courts are divisions of the circuit courts within the state. HRS [§ ] 571–8 [ (2006) ] establishes district family courts in addition to the district courts established under HRS [§ ] 604–1 [ (1993) [5] ].

Pursuant to HRS [§ ] 571–8(b) [6], the Chief Justice may designate a district family judge to act as a district judge and, when so appointed, shall have all the powers of a district judge appointed pursuant to HRS [§ ] 604–2 [ (Supp.1994) [7] ].

[HRS § ] 571–8.5 [ (2006) [8] ] gives district family judges the power to make and issue all orders and writs necessary or appropriate in aid of their original jurisdiction. And HRS [§ ] 571–14 [ (Supp.2008) ] gives the family court exclusive original jurisdiction to try an adult charged with an offense other than a felony against the person of the defendant's husband or wife, and in particular, that's [HRS § ] 571–14(2)(B) [9].

So I'm going to find that this court has jurisdiction, and also, that the defendant was properly arraigned by a district family court judge. And so I'm going to grant the State's oral motion to amend the [C]omplaint. I'll also find that there's been no prejudice to the defendant with respect to the amendment. It was, as the State represented, a typographical error, that this case is a family court criminal matter. It was assigned to a family court criminal number, and it was just a matter of changing the heading to be in the family court of the first circuit, State of Hawaii.

(Emphases added.)

Defense counsel then asked the family circuit court to take judicial notice "of the lack of a commitment order from the district court to the circuit court." He also stated that he "would like findings with respect to whether the family circuit court is declaring that it is unnecessary for the family district court judge and the family district court, if you will, then, to not abide by the [HRPP] which specifically require a commitment order and a second arraignment within 14

---

other duly designated place, by the judge or judges of the respective family courts as herein defined. The chief justice of the supreme court may temporarily assign a family court judge to preside in another circuit when the urgency of one or more cases requires the chief justice to do so. In any case in which it has jurisdiction the court shall exercise general equity powers as authorized by law.
(Emphasis added.)

5. HRS § 604–1 provides, in relevant part:
 There shall be established in each of the judicial circuits of the State a district court with the powers and under the conditions herein set forth, which shall be styled as follows:
 (1) For the First Judicial Circuit: The District Court of the First Circuit.
 . . . .

6. HRS § 571–8(b) states, in relevant part:
 (b) When in the discretion of the chief justice of the supreme court the urgency or volume of cases so requires, the chief justice may appoint one or more district family judges for each judicial circuit. In addition, within any circuit, the chief justice may designate any district judge of the district court to act as a district family judge within that circuit; the judge when so designated shall exercise the powers of a district family judge appointed pursuant to this section.
 (Emphasis added.)

7. HRS § 604–2 provides, in pertinent part:

(b) The chief justice shall appoint district judges to serve on a per diem basis and as may be necessary to provide auxiliary judicial functions in the several districts of the State. Per diem district judges may engage in the private practice of law during their term of service, and shall receive per diem compensation for the days on which actual service is rendered based on the monthly rate of compensation paid to a district court judge. For the purpose of determining per diem compensation in this section, a month shall be deemed to consist of twenty-one days.
(Emphasis added.)

8. HRS § 571–8.5 provides, in relevant part:
 (a) The district family judges may:
 . . . .
 (3) Make and issue all orders and writs necessary or appropriate in aid of their original jurisdiction;
 . . . .

9. HRS § 571–14 provides, in relevant part:
 (a) Except as provided in sections 603–21.5 and 604–8, the [family] court shall have exclusive jurisdiction:
 . . . .
 (2) To try any adult charged with:
 . . . .
 (B) An offense, other than a felony, against the person of the defendant's husband or wife[.]
 . . . .
 (Emphasis added.)

days[.]" [10] The family circuit court declined to make the requested findings, but stated that there was no commitment order that was issued by the district family judge after arraignment of the defendant. Defense counsel responded that "there was no subsequent arraignment within the 14 days, as required by the rules."

As to defense counsel's argument based on *Wheeler*, the family circuit court took Basnet's oral motion to dismiss the Complaint under advisement and indicated that it would make findings as to the issues raised regarding the sufficiency of the Complaint.

## D. Trial, Sentencing, and Post–Trial Proceedings

The family circuit court then heard the motions in limine and the case proceeded to voir dire and jury selection. Trial commenced that same day.

The following day, September 23, 2011, trial was set to continue. Before the jury was brought in, the family circuit court orally ruled on defense's oral motion to dismiss the Complaint pursuant to *Wheeler* for failure to state a claim or failure to state an offense. Relying on *Wheeler*, and *State v. Mita*, 124 Hawai'i 385, 245 P.3d 458 (2010), the family circuit court denied the motion.

Defense counsel also asked the family circuit court to reconsider its earlier finding that "because a District Court judge conducted the arraignment, the matter occurred in the District Court of the ... Family Court, District Court division." Defense counsel averred that Judge Choy was a per diem judge, but not necessarily a District Court judge. He therefore argued that there was no evidence that the earlier proceeding occurred in the District Court, and that, in the alternative, even if it was in the District Court, there was no commitment order to the Circuit Court.

The family circuit court then asked defense counsel how his client was prejudiced by any of the proceedings "from the time he was

arrested to arraignment and plea to today[.]" Defense counsel responded that "[Basnet] has been prejudiced by the [family circuit] court not having jurisdiction or he wouldn't be here today." Defense counsel said:

> And it's our opinion that the [family circuit] court doesn't have jurisdiction, that the <u>rules require, again, arraignment in the District Court, followed by commitment orders, followed by a second arraignment.</u> Now, at that second arraignment, Mr. Basnet may have already had time to consult with counsel, had gone to the Public Defender, may or may not have waived jury trial. It's unknown in terms of what sequence of events would have occurred. But he was denied a second arraignment which he was entitled to.

(Emphasis added.) This was construed as an oral motion for reconsideration of the family circuit court's ruling. The family circuit court asked defense counsel to put the motion in writing, said it would give the State an opportunity to brief the issue, and stated that the motion would be contingent on the outcome of trial.

Trial then continued that day, with the family circuit court giving the jury the following instructions, in pertinent part:

> In the [C]omplaint, the defendant, Sushil Basnet, is charged with the offense of Abuse of Family or Household Members.
>
> A person commits the offense of Abuse of Family or Household Members if he intentionally, knowingly, or recklessly physically abuses a family or household member.
>
> There are three material elements to the offense of Abuse of Family or Household Members, each of which the prosecution must prove beyond a reasonable doubt.
>
> These three elements are:
>
> 1. That on or about June 7, 2011, in the City and County of Honolulu, State of Hawai'i, the defendant physically abused [the defendant's wife]; and

---

10. Defense counsel was presumably referring to HRPP Rule 10(a), discussed further *infra*, which provides that "A defendant who has been held by district court to answer in circuit court <u>shall be</u> <u>arraigned in circuit court within 14 days after</u> <u>the district court's oral order of commitment....</u>" (Emphasis added.)

2. That at that time, the defendant and [the defendant's wife] were family or household members; and

3. That the defendant did so intentionally, knowingly, or recklessly as to each of the foregoing elements.

Family or household member mean spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

Physical abuse means causing bodily injury to another person.

Bodily injury means physical pain, illness, or any impairment of physical condition.

. . . .

The jury deliberations took place that day, and in the afternoon the jury indicated that it had reached a verdict. The jury found Basnet guilty of AFHM. Basnet was also sentenced the same day to two years' probation, including, as special terms and conditions of probation, that Basnet serve two days in jail with credit for time served, pay $55.00 as a Crime Victim Compensation Fee, pay a Probation Service Fee of $150.00, and undergo domestic violence intervention as directed by his probation officer. Basnet was ordered to appear on October 19, 2011 for execution of the sentence or conditions of bail pending appeal.

After sentencing, the family circuit court briefly raised the issue of Basnet's previous motions, stating that they were denied for the reasons that the court had already indicated. Defense counsel indicated that he did not intend to file his motion for reconsideration in writing, but rather decided to "leave it to appeal." The following exchange regarding arraignment then took place:

THE COURT: Okay, I understand that. All right. So as to—we can do this then. [Deputy prosecuting attorney], as—as to [defense counsel's] then oral motion for reconsideration of his motions to dismiss for lack of jurisdiction, I think particularly under [ ] *Wheeler* or—and, also, the motion to dismiss for lack of jurisdiction, specifi-

cally that—I think we—there [were] a number of arguments—and, [defense counsel], you can correct me if I'm not stating this properly—the fact that the Family District Court lacked jurisdiction under— under the Rules of Penal Procedure and that after—and that the defendant should have been arraigned in District Court, is that correct, and then after he demanded a jury trial, the matter should have been committed to Circuit Court by way of a commitment order, and then once in Circuit Court, he was required to have an arraignment within 14 days of his arraignment, and then the matter should have been set—

[Defense counsel:] Yes.

THE COURT: —for trial? That's the basis—

[Defense counsel:] Correct.

THE COURT: —of your motion?

Okay, [deputy prosecuting attorney], anything further you want to put with respect, on the record, to that?

[Deputy prosecuting attorney:] No, Your Honor.

THE COURT: All right. And, again, the court is denying that motion. There's—hasn't—as the court sees it, no prejudice to the defendant with respect to the procedure that was followed in this case. And, of course, if the appellate courts disagree, then we will find out once they go up—

. . . .

—on appeal.

(Emphases added.)

## II.

### A. Basnet's Opening Brief

#### 1. HRPP Rule 10(a)

On October 18, 2011, Basnet filed a notice of appeal with the ICA. Basnet's first point of error was that "[t]he [family circuit] court jurisdictionally erred in denying Basnet's motion to dismiss for failing to hold an arraignment within fourteen days of Basnet demanding a jury trial in the Family District court pursuant to HRPP Rule 10(a)." In connection with this argument, Basnet point-

ed out that the family circuit court failed to conduct an arraignment even when he objected to not having been properly arraigned.

## 2. Sufficiency of the Complaint

Basnet's second point of error was that "the [C]omplaint failed to define the terms 'physical abuse' and 'family or household member.'" In connection with this argument, Basnet contended that "physical abuse" is an element of the offense of AFHM that "should be defined [in the Complaint] as to provide him with fair notice of what the element means." Basnet further argued that while HRS § 709–906(1) provides a definition of "family or household member," the definition was not included in the Complaint and thus the "mere citation in the written charge to HRS § 709–906(1) ... simply does not cure the defect in the charge."

## B. State's Answering Brief

### 1. HRPP Rule 10(a) Applicability

In its Answering Brief, the State first alleged that Basnet should be judicially estopped from arguing that he should have been re-arraigned in the circuit court, because he had argued before the trial court judge that the family circuit court lacked jurisdiction because there was no arraignment in the district court at all.

The State argued in the alternative that, should the appellate court consider Basnet's claim regarding the arraignment, the arraignment did in fact comport with HRPP Rule 10. On this point, the State contended that "the record shows that Basnet was initially arraigned in the Family Court of the First Circuit" rather than the District Court, and thus "HRPP Rule 10(a)'s mandate is inapplicable to his situation." Hence, the State alleged, the arraignment in the family court of the first circuit did not deprive the family court of jurisdiction to hear the case.

### 2. Sufficiency of the Complaint

With respect to Basnet's second point of error, the State argued that the family cir-

cuit court correctly interpreted *Wheeler* and *Mita* in denying Basnet's motion to dismiss for lack of jurisdiction because the terms "physical abuse" and "family or household member" were not defined in the charge. The State contended that "[a] person of ordinary understanding would know the common meaning of the words 'physical,' 'abuse,' 'family,' 'household,' and 'member.'" Hence, the State argued that Basnet had sufficient notice of the cause of the accusation, because "[h]e understood that he was charged with causing pain, *i.e.*, physical abuse, to his wife, *i.e.*, a family member."

## C. ICA's Memorandum Opinion

As noted, the ICA filed a Memorandum Opinion in this case on June 19, 2013. *State v. Basnet,* No. CAAP–11–0000762, 129 Hawai'i 451, 2013 WL 3094944, at *1 (App. June 19, 2013).

### 1. Interpretation and Application of HRPP Rule 10

The ICA first addressed Basnet's contention that the circuit family court lacked subject matter jurisdiction because his arraignment did not comply with the HRPP. *Id.* at *2. Notably, the ICA concluded that "[a]lthough the State argues otherwise,[11] <u>Basnet correctly asserts he was arraigned in the district family court, not the circuit family court.</u> The presiding judge at the arraignment hearing was a per diem judge[ ], and per diem judges serve as district judges only." *Id.* (emphasis added) (citing HRS § 604–2 and HRS § 571–8).

However, the ICA determined that any impropriety with respect to the arraignment and failure of the family district court to enter a separate commitment order "constituted harmless error and did not warrant dismissal." *Id.* According to the ICA, "[t]he purpose of arraignment is to inform the defendant of the charges and of their [sic] rights and to give the opportunity to plead." *Id.* Thus, in this case, where Basnet waived reading of the charge, entered a plea of not

11. To reiterate, in its Answering Brief, the State had argued that HRPP Rule 10 was inapplicable because "the record shows that Basnet was ini-

tially arraigned in the Family Court of the First Circuit" rather than the family district court.

guilty, and elected jury trial during his arraignment in the family district court, and where the pre-trial order entered by the family district court specifically noted the case was committed to the family circuit court for jury trial, Basnet could not show that "the alleged irregularities affected his substantial rights." *Id.*

### 2. Sufficiency of the Complaint

Second, the ICA noted that this court's opinion in *Mita* held that " 'the State need only allege the statutory definition of a term when it creates an additional essential element of the offense, and the term itself does not provide a person of common understanding with fair notice of that element." *Id.* (quoting *Mita*, 124 Hawai'i at 392, 245 P.3d at 465). Applying *Mita*'s holding, the ICA stated that "Basnet does not contend that either of the terms ['physical abuse' or 'family or household member'] created an additional essential element of the offense." *Id.* at *3.

The charge was sufficient according to the ICA, because the use of terms in the charge was consistent with commonly understood meanings, such that Basnet had fair notice. *Id.* It noted that this court has held that the ordinary reading of "physical abuse" gives sufficient notice of the prohibited conduct, *id.* (citing *State v. Kameenui*, 69 Haw. 620, 623, 753 P.2d 1250, 1252 (1988)), and that the [C]omplaint did not need to set forth the full statutory definition of "family or household member" because "it adequately informed Basnet of the nature and cause of the accusation against him." *Id.* Hence, the ICA upheld the judgment of the family circuit court as to both of Basnet's points of error.

### III.

Basnet lists the following questions in his Application:

(1) Whether the ICA gravely erred in holding that the failure to arraign Basnet in [family circuit court] was harmless error where Basnet timely objected before trial?

(2) Whether the ICA gravely erred in holding that the [AFHM] charge was sufficient under *State v. Wheeler?*

The State did not file a Response.

### IV.

#### A. Challenge to Arraignment Procedures

In connection with his first question, Basnet argues the family circuit court "lacked jurisdiction because [Basnet] had never been arraigned in that court as required by [HRPP] Rule 10(a)." HRPP Rule 10(a) provides, to reiterate:

(a) A defendant who has been held by district court to answer in circuit court shall be arraigned in circuit court within 14 days after the district court's oral order of commitment following (i) arraignment and plea, where the defendant elected jury trial or did not waive the right to jury trial or (ii) initial appearance or preliminary hearing, whichever occurs last.

(Emphasis added.) Basnet avers instead that, "[The family circuit court] just ordered the jury trial to proceed overruling [Basnet's] objection." According to Basnet, (1) "there must be an arraignment which is intended to identify . . . the accused, inform[ ] him of the charge, and obtain a plea[,]" (citing *Territory v. Marshall*, 13 Haw. 76, 83 (Haw. Terr.1900)), (2) "[a]n arraignment is a critical stage of a criminal proceeding[,]" (citing *Hamilton v. Alabama*, 368 U.S. 52, 54, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961)), and "it must [be] before a judge with proper jurisdiction[,]" (citing *State v. Petterson*, 780 S.W.2d 675, 680 (Mo.App.1989)), (3) "the [family] district court arraignment was a nullity as it was not in the court in which Basnet was tried," and (4) "a conviction is invalid if there is no arraignment and the defendant makes a valid timely objection[,]" (citing *Blanton v. State*, 233 Ind. 51, 115 N.E.2d 122, 123 (1953)).

Basnet contends that, as with a timely objection to the sufficiency of a charge, a criminal defendant should also not be required to show prejudice where he or she makes a timely objection to the lack of an arraignment, because "there is no charge for the defendant to answer." Basnet asserts

that, contrary to this rationale, the ICA, "in effect, applied the liberal construct construction standard, essentially a harmless error standard, to determine if [Petitioner] was entitled to relief." (Citing *State v. Motta*, 66 Haw. 89, 90, 657 P.2d 1019, 1019 (1983).) Basnet maintains that "[w]here a defendant makes a proper and timely objection, [the liberal construction standard] has no application." (Citing *State v. Walker*, 126 Hawai'i 475, 489, 273 P.3d 1161, 1175 (2012).)

B. Challenge to the Sufficiency of the Charge

Regarding Basnet's second question, he asserts that "[s]ince this court's decisions in *Wheeler* [ ] and *Mita* [ ], there has been much confusion as to when definitions not included in a criminal statute must be included in a charge so that a criminal defendant receives fair notice of the charge." According to Basnet, "[t]he ICA ... chose to follow *Mita* [,] where this court held that the meaning of 'animal nuisance' was apparent from the words themselves rather than *Wheeler* which held that a definition not in the criminal statute must be expressly charged because the definition included an element of the offense."

Basnet construes *Wheeler* and *Mita* as holding that "a person charged with a crime is thereby on notice of all definitions that apply to the terms used in the charge unless the definition includes an additional element of the offense in the form of an attendant circumstances." He argues that such a holding is "patently arbitrary" and that "[t]his court should review this case in order to clarify/refine when *Wheeler* or *Mita* applies to particular facts in a given case or whether one should be overruled." Basnet concludes that in this case, the terms 'physical abuse' and 'family or household member' are not self-evident and an ordinary person has no

idea of what they mean[,]" therefore, the ICA gravely erred in applying *Mita* to this case.

V.

A.

As a preliminary matter, it is noted that the ICA concluded (1) that Basnet was initially arraigned in the family district court, with Judge Choy presiding, and (2) that no court entered a separate commitment order.[12] The ICA premised its conclusion on an interpretation of HRS § 604–2 and HRS § 571–8, in conjunction with information about Judge Choy from the State of Hawai'i Judiciary's 2011 Annual Report. *Basnet*, 2013 WL 3094944, at *2 n. 5. See *The Judiciary State of Hawai'i, 2011 Annual Report*, at 32 (December 31, 2011), http://www.courts. state.hi.us/news_and_reports/reports/annual_ report_stat_sup_archive.html. According to HRS § 604–2(b), district court judges can be appointed on a per diem basis. HRS § 571– 8 establishes a district family court in each judicial circuit. No statute or court rule provides for circuit court judges to be appointed on a per diem basis. Thus, insofar as Judge Choy was a per diem judge, he presided in the family district court. Although the State argued before the ICA that Basnet was actually arraigned in the family circuit court, it did not file a Response, and thus does not appear to challenge the conclusion by the ICA that Basnet was arraigned in family district court.

■ Family district courts in Hawai'i are courts of limited jurisdiction. See HRS § 571–8 and HRS § 571–8.5. HRS § 571–8.4 directs that "[t]he senior judge or judge of the family court of the circuit may direct that any case coming within the jurisdictional provisions of this chapter, or all cases of a class

---

12. There appears to be no separate written commitment order as part of the record on appeal, in accordance with HRPP Rule 5(b)(3), although a checked box on Judge Choy's Pre-Trial Order indicates that the case was committed to the circuit court. The State apparently does not challenge the conclusion that there was no written commitment order.

In his Application, Basnet does not appear to premise his arguments on the lack of a written commitment order, but rather on the lack of an arraignment by the circuit court. Also, there is no transcript available for the June 21, 2011 hearing in which the family district court would have entered an oral commitment on the record. Under these circumstances, the alleged lack of a written commitment order in this case need not be addressed.

or within a district to be designated by the senior judge or judge, shall be heard by the district family judge." The instant case involves "[a]n offense, other than a felony, against the person of the defendant's ... wife[,]" HRS § 571–14(a)(2)(B). Thus, this case fell within the jurisdictional provisions of Chapter 571, and accordingly, could initially be assigned to a district family judge, that is, until the defendant requested a jury trial.[13] HRS § 571–8.4.

 District courts are also courts of limited jurisdiction. HRS § 604–8 states that "[i]n any case cognizable by a district court under this section in which the accused has a right to a trial by jury in the first instance, the district court, upon demand by the accused for a trial by jury, shall not exercise jurisdiction over the case, but shall examine and discharge or commit for trial the accused as provided by law[.]"[14] In this case, Basnet demanded a jury trial, and, as noted, the family district court stated in its Pre–Trial Order that the case was committed to the family circuit court.

HRPP Rule 5(b)(1) provides:

ARRAIGNMENT. In the district court, if the offense charged against the defendant is other than a felony, the complaint shall be filed and the proceedings shall be had in accordance with this section (b).... When the offense is charged by complaint, arraignment shall be in open court, or by video conference when permitted by Rule 43. The arraignment shall consist of the reading of the complaint to the defendant and calling upon the defendant to plead thereto.... The defendant may waive the reading of the complaint or the recitation of the essential facts constituting the offense charged at arraignment.... In addi-

tion to the requirements of Rule 10(e), the court shall in appropriate cases, inform the defendant of the right to jury trial in the circuit court and that the defendant may elect to be tried without a jury in the district court.

As noted, HRPP Rule 10(a) provides that "[a] defendant who has been held by district court to answer in circuit court <u>shall</u> be arraigned in circuit court within 14 days after the district court's oral order of commitment following (i) arraignment and plea, where the defendant elected jury trial or did not waive the right to jury trial...." (Emphasis added.)

Rule 10(a) requires that the defendant be arraigned in circuit court after the order of commitment. In the instant case, the defendant was not arraigned in the family circuit court after the family district court's order of commitment, as indicated in its Pre–Trial Order. Thus, it is clear that the family circuit court erred by not arraigning Basnet.[15]

B.

Black's Law Dictionary defines "arraignment" as "[t]he initial step in a criminal prosecution whereby the defendant is brought before the court to hear the charges and to enter a plea." *Black's Law Dictionary* 123 (9th ed. 2009). As noted, HRPP Rule 10(d) provides that "[a]rraignment in the circuit court shall be conducted in open court or by video conference when permitted by Rule 43. The arraignment shall consist of reading the charge to the defendant or stating to the defendant the substance of the charge and calling on the defendant to plead thereto. The defendant shall be given a copy

**13.** The offense of AFHM, HRS § 709–906(1), is a misdemeanor, carrying a maximum prison term of one year. *See* HRS § 706–663 (1993) ("the court may sentence a person who has been convicted of a misdemeanor ... to imprisonment for a definite term to be fixed by the court and not to exceed one year in the case of a misdemeanor....").

**14.** Basnet had a constitutional and statutory right to trial by jury in this case. *See* HRS § 806–60 (1993) (any defendant charged with a crime for which the defendant may be impris-

oned for six months or more has the right to trial by jury); *State v. Kasprzycki*, 64 Haw. 374, 375, 641 P.2d 978, 978–79 (1982) (noting that petty offenses without the right to trial by jury are those for which the term of imprisonment is thirty days or less).

**15.** No arraignment <u>at all</u> took place in the family circuit court in this case. Basnet did not explicitly raise any other issue with respect to the arraignment request under HRPP Rule 10(a), and so our decision is limited to the issue raised.

of the charge before the defendant is called upon to plead."

In his Application, Basnet mentions the three purposes of an arraignment, as set forth in *Marshall*. *Marshall* stated that, "[t]he general rule is that there must be in every criminal case an arraignment and a plea, the object of the arraignment being to identify the accused, inform him of the charge and obtain his plea, the object of the plea being to make an issue to be tried." 13 Haw. at 83.

Basnet further references *State v. Kikuchi*, 54 Haw. 496, 510 P.2d 781 (1973), for the proposition that a defendant can waive his or her right to an arraignment by failing to properly object to the lack of arraignment, where the defendant was fully aware of the charge. In *Kikuchi*, the defendant was initially charged in the district court for violating an ordinance Section 15–6.4(*3a*). 54 Haw. at 496, 510 P.2d at 781. However, after a trial, he was found guilty of the offense of violating Section 15–6.4(*2a*), for which he had never been charged. *Id.* Although the procedure is not clear from the opinion, the defendant apparently then "appealed to the circuit court of the first circuit for a trial de novo[,]" and the circuit court found him guilty of violating Section 15–6.4(2a). *Id.* This court noted, however, that the record on appeal did not show that there was an arraignment of the defendant for violating Section 15–6.4(2a), or that he entered a plea of not guilty. *Id.* at 496–97, 510 P.2d at 781.

*Kikuchi* posed the question of whether it is "mandatory that a defendant in a criminal case be arraigned in open court and that he or the court enter a plea of not guilty? Or, can arraignment and entry of a plea of not guilty be waived specifically by defendant or by the conduct of the defendant during the course of trial?" *Id.* at 498, 510 P.2d at 782. This court noted that "the record, as in the present case, clearly shows that [the defendant] was represented by counsel, was fully aware of the nature and substance of the accusation [under Section 15–6.4(2a) ], knew what he was being prosecuted for, postured himself as being not guilty of the accusation, was tried as if he had pleaded not guilty, and

raised no objection during the course of trial[.]" *Id.* at 500, 510 P.2d at 783 (emphasis added). Under these circumstances, *Kikuchi* held that, "[w]e are of the opinion that as in the instant case where it appears from the record that [the defendant] had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution he has suffered no prejudice." *Id.*

### C.

In his Opening Brief to the ICA, Basnet alleged that *Kikuchi* is distinguishable, on the basis that the defendant in *Kikuchi* failed to object to the lack of an arraignment at trial, whereas Basnet did object in the proceedings before the family circuit court in this case. Indeed, Basnet maintained his objection throughout trial.

An objection to the lack of an arraignment may be analogized to an objection to the sufficiency of the charge, since one of the purposes of an arraignment, as noted in *Marshall*, is to "inform [the defendant] of the charge and obtain his plea[.]" *Marshall*, 13 Haw. at 83. In the sufficiency of the charge context, this court has applied different principles depending on whether an objection is made before the trial court or for the first time on appeal. The failure of the charging instrument to state an offense is reversible error, *Jendrusch*, 58 Haw. at 281, 567 P.2d at 1244, and this court has held that "[t]he failure of an accusation to charge an offense may be raised 'at any time during the pendency of the proceedings.'" *State v. Merino*, 81 Hawai'i 198, 212, 915 P.2d 672, 686 (1996) (quoting HRPP 12(b)(2)).

However, pursuant to the "post-conviction liberal construction rule," adopted by this court in *State v. Motta*, 66 Haw. 89, 90, 657 P.2d 1019, 1019–20 (1983) and *State v. Wells*, 78 Hawai'i 373, 381, 894 P.2d 70, 78 (1995), an appellate court will liberally construe indictments and complaints that are challenged for the first time on appeal. *Merino*, 81 Hawai'i at 212, 915 P.2d at 686. In those circumstances, " 'this court will not reverse a conviction based upon a defective indictment or complaint unless the defendant can show prejudice or that the indictment or

complaint cannot within reason be construed to charge a crime.' " *Id.* (quoting *Wells,* 78 Hawai'i at 381, 894 P.2d at 78) (brackets omitted) (other citation omitted).

Where the defendant has timely objected to the sufficiency of the charge, however, this rule does not apply. *See State v. Robins,* 66 Haw. 312, 314, 660 P.2d 39, 41 (1983) (stating that where the alleged deficiency in the indictment was raised by a timely motion, "[t]he liberal construction rule laid down in *Motta*" was inapplicable). Thus, where the issue was raised at trial, the case will be dismissed without prejudice without resort to the *Motta/Wells* standard.

These principles are instructive here, and lead to two conclusions. First, because Basnet timely objected, he did not need to show that he was prejudiced by the family court's failure to arraign in accordance with HRPP Rule 10(a).

Second, respectfully, the ICA erred in applying the harmless error standard. *See Basnet,* 2013 WL 3094944, at *2. In the context of sufficiency of the charging instrument, it is well-established that a charge that fails to provide the accused with fair notice of the essential elements "amounts to a failure to state an offense, and a conviction based upon it cannot be sustained, for that would constitute a denial of due process." *Jendrusch,* 58 Haw. at 281, 567 P.2d at 1244. Thus, such errors are not subject to harmless error analysis. Similarly, since one of the purposes of arraignment is also to inform the defendant of the charge, if a defendant objects at trial to the lack of an arraignment, then the conviction "cannot be sustained[,]" because it would correspondingly constitute a denial of due process. Accordingly, Basnet's conviction must be vacated, and the case dismissed without prejudice.

## VI.

We reach Basnet's second point of error in the event charges will be re-filed against Basnet. Basnet maintains that the charge is legally insufficient, and alleges that the ICA erred in its application of *Mita* and this court should clarify or overrule *Wheeler* and *Mita.* This court has held that "[w]here

the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." *Jendrusch,* 58 Haw. at 282, 567 P.2d at 1245; *see State v. Cummings,* 101 Hawai'i at 143, 63 P.3d at 1113 (2003). In the instant case, the charge did "fully define[ ] the offense in unmistakable terms readily comprehensible to persons of common understanding," *Jendrusch,* 58 Haw. at 282, 567 P.2d at 1245, and thus, contrary to Basnet's allegation, the charge was legally sufficient.

## A.

First, the charge was not required to include the statutory definition of the term "family or household member." As noted, HRS § 709–906(1) provides that " 'family or household member' means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons in a dating relationship as defined under section 586–1, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit." Without this definition, the charge still "fully define[d] the offense in unmistakable terms readily comprehensible to persons of common understanding," because the charge included the name of Basnet's spouse, therefore indicating specifically <u>who</u> was the relevant family or household member. Where the actual name of his wife was part of the charge, defining the term "family and household member" as "wife" was not required to apprise Basnet of the charges he needed to be prepared to meet.

Contrary to Basnet's argument, this case is distinguishable from *Wheeler,* where this court held that the charge was insufficient because it failed to include the statutory definition of the term "operate." *Wheeler,* 121 Hawai'i at 393, 219 P.3d at 1180. That conclusion was based on the fact that the use of the phrase "operate" in the charge did not provide adequate notice to the defendant that

the State was required to prove that his operation of the vehicle occurred on a public way, street, road or highway. *Id.* at 395, 219 P.3d at 1182. In this case, on the other hand, Basnet is not persuasive in arguing that the term "family or household member" did not provide him with adequate notice, absent the statutory definition, because the term "family or household member" is readily comprehendible to a person of common understanding. Thus the proposed application of *Wheeler* is inapposite.

### B.

Second, the term "physical abuse" need not be defined in the written charge. In *Kameenui*, this court held that although the statute does not specifically define the term "physical abuse" the statute including that term, HRS § 709–906(1) is not void for vagueness because "[p]ersons of ordinary intelligence" would have a reasonable opportunity to know that "physical abuse" includes "physical injury." 69 Haw. at 623, 753 P.2d at 1252. Further, in *State v. Nomura*, 79 Hawai'i 413, 903 P.2d 718 (1995), the ICA noted that "[f]rom *Kameenui* and the [dictionary] definition of the word 'physical,' it is evident that to 'physically abuse' someone means to maltreat in such a manner as to cause injury, hurt or damage to that person's body . . . ." and that "a more precise definition would 'require the legislature to list every type of conduct covered under the statute [which] would be counterproductive.' " *Nomura,* 79 Hawai'i at 416, 903 P.2d at 721 (quoting *Kameenui,* 69 Haw. at 623,

753 P.2d at 1252). Thus, this court has held that the term "physical abuse" is readily understandable, and as such, it provided sufficient notice to Basnet as part of the charge in this case.

Finally, although the family circuit court gave an instruction to the jury in this case regarding "family and household member" and "physical abuse" in this case, this court has not held that the charge must mirror the jury instructions given in a particular case. Rather, this court has held that "the trial court is not required to instruct the jury in the exact words of the applicable statute but to present the jury with an understandable instruction that aids the jury in applying that law to the facts of the case." *State v. Sawyer,* 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998) (internal quotation marks and citation omitted).

### VII.

Accordingly, the ICA's July 19, 2013 judgment and the family circuit court's September 23, 2011 judgment of conviction and sentence are vacated, and the case is remanded to the family circuit court to enter an order dismissing the case without prejudice.